# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 8-014 (MJD/SRN)

(1) ELIO HERNANDEZ
a/k/a Marcos, Marco, and
Christian Hernandez-Seldana

        Defendant-Petitioner.

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Elio Hernandez, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 240]

## II.    BACKGROUND

On July 31, 2008, Petitioner Elio Hernandez pled guilty to Conspiracy to

Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin

and a Detectable Amount of Cocaine in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846.  [Docket No. 169]  The statutory minimum term of

imprisonment was 120 months and the maximum was life.  21 U.S.C.

§841(b)(1)(A).  At a contested sentencing hearing, this Court found by a

preponderance of the evidence that Hernandez was responsible for at least 30

kilograms of heroin and that he was an organizer or leader of a drug conspiracy

which involved 5 or more participants.  [Docket No. 205]  The Court further

found that Hernandez had a Criminal History Category III and a total offense

level of 39.  This resulted in an advisory sentencing guideline range of 324–405

months.  The Court sentenced Hernandez to 360 months imprisonment.  [Docket

No. 215]

Hernandez appealed his sentence, and the Eighth Circuit Court of Appeals

affirmed.  United States v. Hernandez, 354 F. App'x 277, 278 (8th Cir. 2009).  The

Eighth Circuit's Opinion and Judgment were issued on December 10, 2009, and

the Mandate issued on January 4, 2010.  [Docket Nos. 236-37]  Hernandez did not

appeal the Eighth Circuit judgment.  On May 2, 2014, he filed the present Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody.  [Docket No. 240]

## III.   DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.  A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant can

demonstrate that he is actually innocent.  Bousley v. United States, 523 U.S. 614,

622 (1998).

3

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 2995) (citations omitted).

## B.    Petitioner's Stated Grounds for Relief

Hernandez asserts that his sentence must be vacated in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), because the Court found, by a preponderance of the evidence, that he was responsible for 30 kilograms or more of heroin, setting the base offense level at 38.  Also the Court applied the 4-level role enhancement based on a preponderance of the evidence standard. Hernandez asserts that these facts should have been found beyond a reasonable doubt by a jury.

## C.    Timing

A one-year statute of limitations applies to petitions under § 2255:

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f).

None of the four available grounds apply to permit Petitioner's current habeas petition.

### 1.   Date on Which the Judgment of Conviction Became Final

"[F]or federal criminal defendants who do not file a petition for certiorari . . . on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."  Clay v. United States, 537 U.S. 522, 532 (2003).  A petition for certiorari must be filed within ninety days of judgment. S. Ct. R. 13(1).  Hernandez appealed this Court's sentence, and by a Judgment dated December 10, 2009, the Eight Circuit affirmed.  Hernandez did not petition the Supreme Court for certiorari to review this decision.  Therefore, the time for

seeking review expired 90 days after December 10, 2009, on March 10, 2010.

Accordingly, Hernandez had one year, until March 10, 2011, to file his § 2255

petition.  He has missed that deadline by more than three years.

### 2.       Date on Which a Government Impediment Was Removed

Hernandez does not allege any Government impediment to his ability to

file the § 2255 petition.

### 3.       Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review

Hernandez asserts that the Court should consider his petition timely under

Alleyne v. United States, 133 S. Ct. 2151 (2013).  Alleyne held that facts that

increase the mandatory minimum sentence for a crime are elements "that must

be submitted to the jury and found beyond a reasonable doubt."  133 S. Ct. at

2155.

Alleyne is an extension of the constitutional rule announced in Apprendi

v. New Jersey, 530 U.S. 466 (2000), requiring the same for facts that increase the

mandatory maximum sentence for a crime.  However, the Supreme Court

decided Alleyne "on direct rather than collateral review.  It did not declare that

its new rule applies retroactively on collateral attack."  Simpson v. United States,

721 F.3d 875, 876 (7th Cir. 2013).  New criminal procedural rules do not apply retroactively unless they are "watershed rules" that fundamentally "alter our understanding of the <u>bedrock procedural elements</u> that must be found to vitiate the fairness of a particular conviction."  <u>Teague v. Lane</u>, 489 U.S. 288, 311 (1989) (citation omitted).

Several courts of appeals and district courts agree that <u>Alleyne</u> does not announce a new "watershed" procedural rule and does not apply retroactively. <u>See, e.g.</u>, <u>United States v. Reyes</u>, 755 F.3d 210, 212 (3d Cir. 2014); <u>In re Mazzio</u>, 756 F.3d 487, 489–92 (6th Cir. 2014); <u>Loera v. Wilson</u>, Civil No. 13–2327 (ADM/SER), 2014 WL 2922356, *2 (D. Minn. June 27, 2014).  This Court agrees that <u>Alleyne</u> is not retroactive.

Even if <u>Alleyne</u> applied retroactively, Hernandez would not benefit from its application, because <u>Alleyne</u> does not apply to guideline calculations that did not increase a mandatory minimum sentence.  <u>See</u> <u>United States v. Bennett</u>, -- F.3d--, 2014 WL 4251597, at *5 (8th Cir. Aug. 29, 2014).  "[U]nder <u>Alleyne</u>, the Sixth Amendment permits a district court to rely on facts beyond those found by the jury when the court calculates the applicable advisory sentencing guidelines range and selects a sentence within the statutorily-prescribed range."  <u>Id.</u>  Thus,

there is no violation of <u>Alleyne</u> when "the facts found by the district court did not alter the statutory maximum or minimum sentence that [Petitioner] faced. Instead, the district court merely used those facts to calculate the applicable sentencing guidelines range and to exercise its discretion when imposing a sentence within the range prescribed by statute." <u>Id.</u>

Here, Hernandez pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin and a Detectable Amount of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Based on his guilty plea, the statutory range was 120 months to life. The Court's determinations regarding role and amount of heroin above 1 kilogram merely affected the Guideline range, which fell within the statutory minimum and maximum. Therefore, even if <u>Alleyne</u> were to apply retroactively, it would afford Hernandez no relief.

> **4.    Date on Which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence**

Hernandez does not assert a basis for his § 2255 petition that arises from the date on which facts supporting his claims could have been discovered through the exercise of due diligence.

### 5.     Equitable Tolling

Equitable tolling may be available when extraordinary circumstances exist, beyond the petitioner's control, that would justify equitable tolling and the petitioner has acted with due diligence in pursuing his petition.  See Byers v. United States, 561 F3d 832, 836 (8th Cir. 2009).  Hernandez has not pointed to any such circumstances here.

### 6.     Petitioner's Habeas Petition Is Untimely

Because Hernandez filed his § 2255 petition more than one year after the latest of the dates listed in § 2255(f) and equitable tolling does not apply, the petition is untimely and must be dismissed.

### D.     Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that "no jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason … find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Id.  Therefore, the Court denies a Certificate of Appealability in this case.

9

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED:**

1.      Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate,
        Set Aside, or Correct Sentence by a Person in Federal Custody
        [Docket No. 240] is **DENIED.**

2.      The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 21, 2014           s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court