UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 08-14 (MJD/SRN)

(1) ELIO HERNANDEZ
a/k/a CHRISTIAN HERNANDEZ-SELDANA,

        Defendant.

Andrew S. Dunne, Assistant United States Attorney, Counsel for Plaintiff.

Elio Hernandez, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Elio Hernandez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). [Docket No. 269]

## II.    BACKGROUND

On July 31, 2008, Defendant Elio Hernandez, indicted as Christian Hernandez-Seldana, pled guilty to a one-count Indictment: Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin and a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A) and 846.  Before sentencing, the Probation Office prepared a Presentence Investigation ("PSI").  The PSI calculated a total offense level of 39 based on a base offense of 38 under U.S.S.G. § 2D1.1, a 4-level increase for role under U.S.S.G. § 3B1.1(a), and a 3-level reduction of acceptance of responsibility under U.S.S.G. § 3E1.1.  The PSI calculated 4 criminal history points: 2 points for a 2004 conviction for drug possession (PSI ¶ 47) and 2 points for a 2005 conviction for illegal entry (¶ 48), for a criminal history category III.  At sentencing, Defendant moved for a downward departure for substantial overstatement of his criminal history under U.S.S.G. § 4A1.3.  The Court denied the motion and adopted the Guideline calculations in the PSI, for a total offense level of 39, criminal history category III, and an advisory Guideline range of 324-405 months.  The Court then sentenced Defendant to a term of imprisonment of 360 months.

Defendant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, which affirmed.  United States v. Hernandez, 354 F. App'x 277 (8th Cir. 2009).

Defendant later filed a motion requesting a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782.  [Docket Nos. 252, 258]  In 2016,

the Court granted the motion, found that Defendant's Guideline range had been retroactively reduced, and resentenced Defendant to 290 months imprisonment. [Docket No. 259]

In May 2018, Defendant filed a motion, under 18 U.S.C. § 3582(c), challenging the calculation of his criminal history under Amendment 709 of the Guidelines. [Docket No. 264] In July 2018, the Court denied Defendant's motion because Amendment 709 was not retroactive, the 2008 version of the Guidelines was used at his sentencing, and Amendment 709 had no application to Defendant's case. [Docket No. 268]

Defendant has now filed another motion to reduce his sentence under 18 U.S.C. § 3582(c). He asserts that United States Sentencing Guidelines Amendment 802 retroactively applies to his sentencing to lower his advisory guideline range and to warrant a downward departure.

## III. DISCUSSION

Defendant asserts that his sentence should be reduced based on Amendment 802. In support of that claim, he argues that Amendment 802 amended the commentary to U.S.S.G. § 5G1.3 regarding downward departures for overstatement of criminal history category and that his criminal history category was overstated because his prior offense for drug possession did not

3

warrant 2 points. He also argues that Amendment 802 altered the calculation of the base offense level under U.S.S.G. § 2L1.2, and, therefore, his base offense level should have been lower.

### A. Standard for Resentencing

This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons based on extraordinary and compelling circumstances or the defendant's advanced age; 2) to the extent expressly authorized by statute or by Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively. 18 U.S.C. § 3582(c). See also United States v. Auman, 8 F.3d 1268, 1270-72 (8th Cir. 1993).

Here, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of Defendant's sentence; and Rule 35 does not apply. As to the question of whether Defendant's sentencing range has been retroactively reduced by the Sentencing Commission, the Court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part,

according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010).

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

U.S.S.G. § 1B1.10, app. n.1(A).

### B. Amendment 802

Amendment 802 to the United States Sentencing Guidelines became effective on November 1, 2016. As relevant to Defendant's motion, it amended the offense level calculations under U.S.S.G. § 2L1.2, Unlawfully Entering or Remaining in the United States. It also amended the commentary to U.S.S.G. § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment, by replacing the term "an aggravated felony" with the term "a prior conviction" in Note 2(B).

Amendment 802 was not retroactive, so the Court does not have the power to grant Defendant's motion. See U.S.S.G. § 1B1.10(d); United States v. Duenas-Rodriguez, 706 F. App'x 215, 216 (5th Cir. 2017); United States v. Gonzalez-

Ramos, 690 F. App'x 610, 611 (10th Cir. 2017); United States v. Paulino, 678 F. App'x 57, 58 (3d Cir. 2017).

Additionally, Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin and a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. He was not convicted of Unlawfully Entering or Remaining in the United States, and his offense level was not calculated under U.S.S.G. § 2L1.2. Thus, Amendment 802 has no application to Defendant's case, and there would be no basis for this Court to now lower Defendant's sentence.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Elio Hernandez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). [Docket No. 269] is **DENIED**.

Dated:  March 28, 2019              s/ Michael J. Davis
                                                                       Michael J. Davis
                                                                      United States District Court